UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| RATIB AHMADI, <br><br> Plaintiff, <br><br> vs. <br><br> KING COUNTY, WASHINGTON, <br><br> Defendant. | Case No.: 2:24-cv-2 <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

1. The Fourth Amendment to the United States Constitution requires that any individual arrested must be released from detention unless a judicial officer has determined, either prior to the arrest or "promptly" after, that there is probable cause for the allegations. *See Gerstein v. Pugh*, 420 U.S 103, 125 (1975). Once warrantless detention without a probable cause determination exceeds 48 hours, it becomes unconstitutional absent a "bona fide emergency or other extraordinary circumstance." *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 57 (1991).

2. King County, Washington has a policy and practice of disregarding this simple obligation of ensuring that warrantless detention is based on a timely probable cause determination. People arrested without a warrant in King County and detained at the County Jail on Fridays and Saturdays are routinely jailed for more than 48 hours without a probable cause determination.

3. In February 2023, Plaintiff Ratib Ahmadi was detained for at least 51 hours without a probable cause determination, in violation of his Fourth Amendment rights. He brings this civil rights action pursuant to 42 U.S.C. § 1983 to redress

Class Action Complaint and
Demand for Jury Trial - 1

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

violations of his rights under the United States Constitution, along with the rights of a proposed class who were unlawfully detained in the same manner.

## JURISDICTION AND VENUE

4. This is a civil rights action arising under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). King County is located in the Western District of Washington, and a substantial part of the events and omissions giving rise to the claims in this action occurred in this District.

6. Pursuant to Local Civil Rule 3, this action is properly assigned to the Seattle Division of this District.

## PARTIES

7. Plaintiff Ratib Ahmadi is a resident of King County, Washington.

8. Defendant King County is a municipal corporation organized under the laws of the State of Washington. Defendant operates and administers the King County Correctional Facility, where Plaintiff and Class Members were detained for more than 48 hours by the King County Sheriff's Office without a probable cause determination, and is therefore responsible for the unlawful policies, practices, and customs challenged by Plaintiff, including failing to release arrestees who do not receive a probable cause determination within 48 hours of arrest and failing to enact policies that ensure arrestees receive a probable cause determination within 48 hours of arrest.

Class Action Complaint and
Demand for Jury Trial - 2

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

# FACTS

**I.   Defendant King County detained Plaintiff Ratib Ahmadi for at least 51 hours without any probable cause determination.**

9.   Plaintiff Ratib Ahmadi was booked into King County Correctional Facility for an alleged felony on Saturday, February 25, 2023, at 11:04 a.m. He was arrested and detained without a warrant.

10.   Although the King County District Court holds probable cause hearings at its Seattle Jail Courtroom inside the King County Correctional Facility on Saturday afternoons starting at 1:30 p.m., the King County Sheriff's Office did not present Plaintiff to the District Court for a probable cause determination on the afternoon of Saturday, February 25.

11.   Because the King County District Court holds no probable cause hearings on Sundays, Plaintiff was forced to wait until Monday afternoon to receive a probable cause determination.

12.   Mr. Ahmadi did not stand before a judge for a probable cause determination until at least 4:07 p.m. on Monday, February 27. This hearing occurred in the King County Correctional Facility, where Mr. Ahmadi had been detained for over 53 hours without a probable cause determination.

13.   The court's minute order from Mr. Ahmadi's appearance noted that probable cause was "previously found exparte pursuant to Riverside finding." This notation alluded to the United States Supreme Court's 1991 decision in *Riverside v. McLaughlin*, which requires release from warrantless detention within 48 hours

Class Action Complaint and
Demand for Jury Trial - 3

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

absent a probable cause determination. But the reference to a "Riverside finding" merely indicated that some kind of probable cause determination was made at the start of the court's Monday calendar, which began after 2:00 p.m.

14. Even if an ex parte probable cause determination was made in Mr. Ahmadi's case at 2:00 p.m. on Monday, February 27, this would have been approximately 51 hours after his warrantless arrest.

15. Both the "Riverside finding" and Mr. Ahmadi's probable cause hearing occurred more than 48 hours after Mr. Ahmadi was arrested.

16. At Mr. Ahmadi's delayed probable cause hearing and first appearance, a family member spoke in support of his release. The judge ordered Mr. Ahmadi released upon payment of a $10,000 bail.

17. Upon his return to the jail at around 7:00 p.m., Mr. Ahmadi immediately began contacting bail bondsmen, a process made more difficult by the fact that it was after regular business hours.

18. After securing a bail bondsman, Mr. Ahmadi was finally released from King County Correctional Facility at 3:02 a.m. on Tuesday, February 28.

19. No bona fide emergency or extraordinary circumstance justified Mr. Ahmadi's delayed probable cause determination.

**II.  As a matter of policy and practice, Defendant King County does not ensure that individuals arrested without a warrant receive a probable cause determination within 48 hours of arrest.**

20. Mr. Ahmadi's delayed probable cause determination was typical. In fact, in the same courtroom that Monday afternoon (February 27, 2023), at least three

Class Action Complaint and
Demand for Jury Trial - 4

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

other individuals who were arrested on Saturday (February 25, 2023) received probable cause determination over 48 hours after their arrest. Two of them had been arrested before Plaintiff and waited even longer for their determinations.

21. Defendant King County's policy on probable cause hearings is: "Normally, when a person is arrested and booked on a Friday night or Saturday morning, probable cause is determined on the Saturday First Appearance Calendar, as there is no Sunday Calendar. . . . For individuals arrested and booked after the Saturday First Appearance Calendar, their probable cause is determined on the Monday First Appearance Calendar." Ex. 1 ¶ 11 (Declaration of Cindi Port, Senior Deputy Prosecuting Attorney, King County Prosecuting Attorney's Office).

22. The Monday First Appearance Calendar begins at the earliest at 2:00 p.m. on Mondays, sometimes later.

23. By its own terms, King County's probable cause policy does not ensure that all persons arrested on Saturdays receive a probable cause hearing within 48 hours.

24. According to Ms. Port's declaration, King County does not place individuals who are arrested without a warrant on Saturday afternoon on the Saturday First Appearance Calendar even if the Monday First Appearance Calendar (the next opportunity for a probable cause determination) will definitely fall more than 48 hours after their arrest.

25. This failure, along with King County's policy of not releasing individuals after they have been detained for 48 hours without any probable cause determination,

Class Action Complaint and
Demand for Jury Trial - 5

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

routinely causes individuals arrested on Saturdays to be detained without a probable cause determination for more than 48 hours.

26. Additionally, as a matter of practice, King County routinely fails to ensure that individuals arrested between the Friday First Appearance Calendar and Saturday First Appearance Calendar are placed on the Saturday First Appearance Calendar so that they receive a probable cause determination before the Monday First Appearance Calendar, which occurs more than 48 hours after their arrests.

27. From early January to mid-July 2023, at least 106 people who were arrested on Fridays and Saturdays did not receive a probable cause determination within 48 hours of arrest.

28. Because King County failed to ensure that these individuals received a timely probable cause determination, it should have released them no later than 48 hours after arrest.

29. King County did not, however, release these at least 106 individuals after 48 hours of warrantless detention without a probable cause determination. Instead, consistent with its longstanding policy and practice, King County continued to detain these individuals until the Monday First Appearance Calendar.

## CLASS ACTION ALLEGATIONS

30. Named Plaintiff Ratib Ahmadi brings this action on behalf of himself and all others similarly situated for the purpose of asserting the alleged claims on a common basis.

31. Plaintiff proposes a single Class seeking compensatory relief. The Class is defined as: All persons who were detained by Defendant King County for more than

Class Action Complaint and
Demand for Jury Trial - 6

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

48 hours without a warrant or probable cause hearing at any time within three years before the filing of this Complaint until the date of the order granting class certification.

32.  This action is brought and may properly be maintained as a class action pursuant to Rule 23(a)(1)-(4) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

33.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

### Numerosity (Fed R. Civ. P. 23(a)(1))

34.  The Class is so numerous that joinder of all members would be impracticable.

35.  Looking only at Monday hearings from a roughly six-month period, at least 106 people were confirmed to have had releases and probable cause determinations unconstitutionally delayed beyond 48 hours. There are hundreds or even thousands for whom this is true over the course of the applicable three-year statute of limitations.

### Commonality (Fed R. Civ. P. 23(a)(2))

36.  The relief sought is common to all Class Members, and there are questions of law and fact common to the class.

37.  All Class Members seek relief concerning King County's policy and practice of failing to ensure that arrested individuals receive a timely probable cause determination or are released if they do not.

38.  Resolution of common legal and factual issues will determine whether all of the Class Members are entitled to the relief that they seek. Among them are:

Class Action Complaint and
Demand for Jury Trial - 7

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

a. Whether King County maintains or maintained a policy and practice of detaining individuals arrested for more than 48 hours without a warrant or probable cause determination.

b. Whether it violates the United States Constitution to detain arrestees for more than 48 hours without any judicial determination of probable cause for the detention.

### Typicality (Fed R. Civ. P. 23(a)(3))

39. Plaintiff's claims are typical of the putative class, and Plaintiff has the same interests in this case as all other Class Members.

40. If Plaintiff succeeds in his claim that the County's policies and practices violated his rights, that ruling will likewise benefit all Class Members.

### Adequacy (Fed R. Civ. P. 23(a)(4))

41. Plaintiff will fairly and adequately represent the Class and does not have interests in conflict with those of the members of the Class that Plaintiff seeks to represent.

42. All Class Members have a similar interest in vindicating their constitutional rights in the face of Defendant's unconstitutional policies and practices.

43. Plaintiff is represented by attorneys who have substantial experience litigating complex civil rights matters in the context of the criminal legal system.

44. The interests of the Class Members will be fairly and adequately protected by the Plaintiff and attorneys.

### Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))

Class Action Complaint and
Demand for Jury Trial - 8

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

45. Class treatment under Rule 23(b)(3) is appropriate because common questions of law and fact overwhelmingly predominate over individual ones and a class action is the only practicable way – and, therefore, the superior way – of resolving this case.

46. This case turns, for every Class Member, on what the County's policies and practices were and whether those policies and practices were lawful. The question of damages will also be driven by class-wide determinations of common questions. To the extent that individual damages will vary, they will vary depending in large part on the amount of time the individual was unlawfully jailed.

47. Determining damages for individual Class Members can be handled in a ministerial fashion based on easily verifiable records of the length of unlawful detention.

48. Furthermore, the pursuit of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications and incompatible standards, which would substantially impede members' ability to protect their interests.

## CLAIMS FOR RELIEF

### Claim I
### Fourth Amendment to the United States Constitution
### 42 U.S.C. § 1983

49. Plaintiff realleges each of the foregoing paragraphs as if fully stated here.

50. Defendant violated Plaintiff Ratib Ahmadi's constitutional rights by detaining him for more than 48 hours without a probable cause determination as

Class Action Complaint and
Demand for Jury Trial - 9

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

required by the Fourth Amendment. *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Gerstein v. Pugh*, 420 U.S. 103 (1975).

51. Plaintiff Ratib Ahmadi's injuries were proximately caused by Defendant's policy and practice of detaining people arrested without a warrant for more than 48 hours without a probable cause determination.

52. Several hundreds, if not thousands, of similarly situated individuals whom Plaintiff Ratib Ahmadi seeks to represent, suffered similar constitutional violations as a result of Defendant's policy of detaining warrantless arrestees for more than 48 hours without a probable cause determination.

53. Plaintiff Ratib Ahmadi and Class Members are entitled to monetary damages for Defendant's violation of their rights.

## JURY DEMAND

54. Plaintiff, on behalf of himself and the Class Members, hereby demands a trial by jury on all issues so triable.

## REQUESTS FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and a Class of others similarly situated, requests that this Court issue the following relief:

a. Certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff Ratib Ahmadi as representative for the Class, and appointing his counsel as counsel for the Class;

b. Enter a judgment compensating Plaintiff and the Class Members for the damages they suffered as a result of Defendant's unconstitutional and unlawful conduct in an amount to be determined at trial;

c. Enter an order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 1964;

d. Award pre- and post-judgment interest as permitted by law; and

e. Grant any other relief this Court deems just and proper.

Date: January 1, 2024

Respectfully Submitted,

*/s/ Michael Zhang*
Michael Zhang
Washington Bar. No. 60933
Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
michael@qiu-qiulaw.com
908-938-6683

Shakeer Rahman*
California Bar No. 332888
838 E 6th St
Los Angeles, CA 90021
shakeer@loosr.net
323-546-9236

Akeeb Dami Animashaun*
California Bar No. 339294
355 S Grand Ave, Ste 2450
Los Angeles, CA 90071
dami@animashaun.me
929-266-3971

**Pro hac vice* application forthcoming*

Class Action Complaint and
Demand for Jury Trial - 11

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683