The Honorable Richard A. Jones
United States District Court

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MALIK TUCKER and
REGINALD WILLIAMS,

                Plaintiffs,

vs.

KING COUNTY,
WASHINGTON,

                Defendant.

No. 2:24-cv-00002-RAJ

**PLAINTIFFS' UNOPPOSED NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND SUPPORTING MEMORANDUM**

NOTE ON MOTION CALENDAR:
December 5, 2025

## NOTICE OF MOTION AND MOTION FOR
## <u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

PLEASE TAKE NOTICE that on **December 5, 2025, at 9:00 a.m.**, in the U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101, Plaintiffs Malik Tucker and Reginald Williams, individually and on behalf of all similarly situated persons, will and hereby do move this Court pursuant to Fed. R. Civ. P. 23 for an order:

      1.      Granting final approval of the proposed $1,600,000.00 non-reversionary settlement of *Tucker, et al.*, *v. King County.*, No. 2:24-cv-00002-RAJ (W.D. Wash.), as described in the Class Action Settlement Agreement ("Settlement Agreement"), as fair, reasonable, and adequate (*see* ECF 39-1);

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

2.      Confirming, as final, the certification of the Settlement Class as defined in the Settlement Agreement, for the purpose of settlement;

3.      Confirming, as final, the appointments of Plaintiffs Malik Tucker and Reginald Williams as representatives for the Settlement Class;

4.      Confirming, as final, the appointments of Akeeb Dami Animashaun, Esq., Ezra Ritchin, Esq., Michael Zhang (Qiu-Qiu Law), Sadé A. Smith (Smith Law LLC), and Shakeer Rahman (Law Office of Shakeer Rahman) as Class Counsel;

5.      Confirming, as final, the appointment of American Legal Claim Services, LLC, to serve as the Settlement Administrator;

6.      Directing the parties and the Settlement Administrator to implement the terms of the Settlement pertaining to the distribution of the Settlement Fund;

7.      Approving settlement administration costs of up to $50,000.00;

8.      Approving a $5,000.00 service award for Plaintiff Malik Tucker;

9.      Approving a $5,000.00 service award for Plaintiff Reginald Williams;

10.     Approving Class Counsel's request for attorneys' fees and expenses of $440,000.00.

11.     Directing entry of judgment in a manner consistent with the proposed final approval order, which is attached as Exhibit 1.

12.     This Motion is based upon this Notice, the Supporting Memorandum, the Settlement Agreement, all papers and pleadings on file in this action, and such oral argument as may be considered by this Court at the time of the hearing.

Notice of Motion and Motion for Final
Approval of Class Action Settlement - 2
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

1      13.     Defendant does not oppose this Motion and will not submit any

2   opposition in response.

3   Date: November 20, 2025              Respectfully Submitted,

4   */s/A. Dami Animashaun*              Michael Zhang, WSBA #60933

5   Akeeb Dami Animashaun               Qiu-Qiu Law
    355 S. Grand Ave, Ste 2450          5020 Martin Luther King Jr. Blvd, Ste S

6   Los Angeles, CA 90071               Portland, OR 97211
    E-Mail: dami@animashaun.me          E-Mail: michael@qiu-qiulaw.com

7
    Ezra Ritchin                        Sadé A. Smith, WSBA #44867

8   367 St. Marks Ave, #1132            Smith Law LLC
    Brooklyn, NY 11226                   3250 Airport Way S, Ste 415

9   E-Mail: ezraritchin@gmail.com       Seattle, WA 98134
                                        E-Mail: sade@thesmithlaw.com

10
                                        Shakeer Rahman

11                                      Law Office of Shakeer Rahman
                                        838 E. 6th Street

12                                      Los Angeles, CA 90021
                                        E-Mail: shakeer@loosr.net

13

14

15

16

17

18

19

20

21

22

23

24

25   Notice of Motion and Motion for Final                                    A. Dami Animashaun
     Approval of Class Action Settlement - 3                              355 S. Grand Ave, Ste 2450
26   (2:24-cv-00002-RAJ)                                                      Los Angeles, CA 90071
                                                                                    929-266-3971

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## I.    INTRODUCTION

On August 6, 2025, this Court granted Plaintiffs' Preliminary Approval Motion and ordered that notice be distributed to Settlement Class Members. The Settlement Administrator obliged. Under the supervision of undersigned counsel, the Settlement Administrator distributed the approved Notice and Claim Form. Settlement Class Members have responded positively to the Settlement. Over 100 Class Members have already filed claims. Moreover, ***no*** Class Member objected to or excluded themselves from the Settlement, confirming that the Settlement is fair, reasonable, and adequate. The Settlement represents a full and fair resolution of Plaintiffs' claims and provides far-reaching relief to Class Members more quickly than could likely have been obtained through litigation. This Court should make its provisional approval of the Settlement final.

## II.    BACKGROUND

### a.  History of the Case

Plaintiffs filed this class action lawsuit against Defendant King County, Washington (the "County") on January 2, 2024, alleging that the County violated the Fourteenth Amendment to the United States Constitution by detaining them, and similarly situated individuals, for more than 48 hours without a probable cause determination after a warrantless arrest. (ECF 1, 20.)

Discovery began in April 2024 and concluded in December 2024. During this period, the County produced thousands of pages of ESI and hardcopy documents,

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 1
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

along with extensive court and jail data regarding probable cause determinations during the Class Period. (ECF 39-4 ¶ 12.) The Parties also completed two depositions of senior County officials. (ECF 34 ¶¶ 3–6.)

In January 2025, the Parties scheduled a full-day mediation with the Honorable Paris K. Kallas (Ret.), which occurred on April 23, 2025. Leading up to mediation, the Parties worked collaboratively to analyze data necessary to define the Settlement Class and identify its members. (ECF 39-4 ¶ 13.) At mediation, the Parties reached a global settlement. Post-settlement, significant effort was devoted to identifying 895 Class Members from over 65,000 jail bookings during the Class Period. (*Id.* ¶ 14.)

### b. Class Counsel's Representation and Named Plaintiffs' Participation

Class Counsel are experienced class action litigators with expertise in complex civil rights cases, including challenges to municipal policies delaying probable cause hearings. (ECF 39-4 ¶¶ 3, 7.) They undertook this case on a contingency basis, investing nearly a year investigating the County's practices before filing suit—an effort requiring public records requests and detailed analysis of non-public data. (*Id.* ¶ 9.)

Over the next 15 months, Class Counsel completed written discovery, reviewed thousands of pages of documents, analyzed extensive court and jail data, and conducted two depositions of high-ranking County officials. (*Id.* ¶ 12.) After reaching settlement, they dedicated substantial time to further identifying Class Members from large datasets, cross-referencing individual court records to confirm probable cause timing—information not readily extractable from electronic data. (*Id.* ¶ 14.)

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 2
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

Counsel also prepared pre-mediation submissions, attended mediation, negotiated and drafted the Settlement Agreement, and prepared motions for preliminary and final approval. They engaged a settlement administrator and will continue to oversee the year-long administration process. Counsel have devoted over 700 hours to this case and amassed a lodestar of over $350,000.00.

The Named Plaintiffs have been exemplary representatives—actively engaged, responsive to counsel, and providing detailed accounts of their experiences. They participated throughout the litigation and contributed meaningfully to settlement negotiations.

### c. Key Provisions of the Settlement

In exchange for the establishment of a $1,600,000.00 non-reversionary Settlement Fund, Named Plaintiffs and Class Members agree to forever release, acquit, relinquish, and discharge any claims they may have relating to or arising out of the factual or legal allegations in the Complaint.

In order to effectuate the Settlement Agreement, and for that purpose only, the Parties stipulated to the certification of the Settlement Class, which includes two subclasses, defined as follows:

- The first stipulated settlement subclass (hereinafter, "No Warrants Subclass"): All persons who (i) were detained by Defendant King County for more than 48 hours without a determination of probable cause or a warrant for their arrest at any time between January 2, 2021 and April 23, 2025, and (ii) **were not detained** pursuant to a warrant in an unrelated matter during the pendency of their detention.

- The second stipulated settlement subclass (hereinafter, "Warrants Subclass"): All persons who (i) were detained by Defendant King County for more than 48 hours without a determination of probable

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 3
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

cause or a warrant for their arrest at any time between January 2, 2021 and April 23, 2025, and (ii) **_were also detained_** pursuant to a warrant in an unrelated matter during  the pendency of their detention.

The Settlement Fund will be allocated as follows:

- $1,100,000.00 will be allocated to Class Members. Members of the No Warrants Subclass will receive a base payment of $1,500.00 and additional compensation in equal proportion to the number of compensable detention hours they are allotted. Members of the Warrants Subclass will receive $150.00.

- The remainder of the settlement fund—$500,000.00—will be allocated to pay attorneys' fees, costs, and expenses; class administration costs; and service awards to the Named Plaintiffs. A maximum of $50,000.00 will be allocated to cover settlement administration costs. $5,000.00 will be allocated as a service award for each of the two Named Plaintiffs. The remainder of the $500,000.00 will be allocated to Class Counsel as reimbursement for any and all attorneys' fees, costs, and expenses incurred.

**d. Class Notice Distribution**

The Settlement Administrator, American Legal Claim Services, LLC, distributed the Class Notice (ECF 39-3) to Settlement Class Members in accordance with this Court's order (ECF 41). On September 5, 2025, the Settlement Administrator sent Notices to all Class Members. (Ex. 2 [Indra Decl.] ¶ 4.) Before sending the Notices, the Settlement Administrator updated each Class Member's address using the National Change of Address database and a national address location service. (_Id._ ¶ 3.) 355 of the 877 mailed Notices were returned to the Settlement Administrator as undelivered. (_Id._ ¶ 6.)  The Settlement Administrator used the location services, skip-tracing, and manual updates to find other likely addresses for Class Members whose Notices were returned and remailed Notices to those Class Members. (_Id._ ¶¶ 3, 6.) 96

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 4
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

of the remailed notices were returned. (*Id.* ¶ 6.) Over 83 percent of notices were deemed delivered. *Id.*

As of November 19, 2025, the Settlement Administrator has received 103 valid completed Claims Forms from Class Members. (*Id.* ¶ 9.) The Settlement Administrator has not received any exclusion requests from Class Members. (*Id.* ¶ 10.) The Settlement Administrator has not received any objections from Class Members. (*Id.* ¶ 11.) Class Counsel is also not aware of any objections from Class Members.

The deadline for Class Members to object to or exclude themselves from the Settlement was October 20, 2025. (ECF 41 ¶¶ 14-15.)

## III.  ARGUMENT

This Court should make its provisional settlement approval final. The only thing that has changed since this Court preliminarily approved the Settlement is that Class Members have been notified of the Settlement and given the opportunity to object to or exclude themselves from the Settlement. ***No Class Member has chosen to do either.*** Meanwhile, over 100 Class Members have already filed claims. Class Members' overwhelmingly positive response to the Settlement confirms that this Court properly ruled that the Settlement is fair, reasonable, and adequate. The Settlement merits final approval.

### a.  Legal Standard for Approving a Class Action Settlement

In determining whether to grant final approval of a class action settlement, courts determine whether the settlement is "fundamentally fair, adequate, and reasonable." Fed. R. Civ. P. 23(e)(2); *see Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615,

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 5
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

625 (9th Cir. 1982). Additionally, the district court may weigh a variety of factors, including "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citations omitted). These factors largely overlap with the Rule 23(e)(2) factors. The relative degree of importance to be attached to any particular factor depends upon the circumstances of each case. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993). Finally, the district court must determine whether the notice requirements of Rule 23(c)(2)(B) have been satisfied. *Schwartz v. Opus Bank*, 326 F.R.D. 637, 638 (C.D. Cal. 2018).

"[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor Erisa Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). As the Ninth Circuit has recognized, "the very essence of a settlement is compromise." *Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615, 624 (9th Cir. 1982). And, when a settlement, such as this one, is reached as the result of arm's-length negotiations between competent counsel on both sides, it "is entitled to a presumption of validity, which ordinarily may be overcome only if its provisions are not within reasonable bounds or are illegal, unconstitutional or against public policy." *U.S. v. Tex. Educ. Agency*, 679 F.2d 1104, 1108 (5th Cir. 1982); *see also Rodriguez v.*

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 6
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

*W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution").

The Settlement was the product of genuine, arm's-length negotiations, and is therefore entitled to a presumption of validity. And that presumption cannot be rebutted. Class Members' compensation falls well within the reasonable range of recoveries in comparable cases. Moreover, the Settlement has been positively received by Class Members—a strong indicator of its fairness and adequacy. Finally, Class Counsel and the Settlement Administrator executed the Court-approved notice plan, satisfying Rule 23 requirements. The Settlement merits final approval.

### b.  The Settlement is Entitled to a Presumption of Fairness

The Settlement is entirely non-collusive and the result of extensive, arm's-length negotiations facilitated by Judge Paris K. Kallas, a retired judge and highly respected mediator. The Parties reached agreement only after nearly a year of discovery and settlement discussions, culminating in a full-day mediation where the case was resolved. These circumstances warrant a presumption of fairness. *See, e.g.*, *Tex. Educ. Agency*, 679 F.2d at 1108.

Class Members' response further confirms the Settlement's reasonableness: not a single Class Member objected or opted out. Courts recognize that "[t]he absence of a single objection to the Proposed Settlement provides further support for final approval." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004). Indeed, this creates an additional presumption of fairness: "The absence of a large number of objections to a proposed class action settlement raises a strong

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

presumption that the terms of a proposed class settlement are favorable to the class members." *Id.*

Here, that presumption is unrebutted. The Settlement falls well within reasonable bounds. As detailed in Plaintiffs' Preliminary Approval Motion (ECF 39 at 19–20), Class Members will receive an average of over $1,800.00 for No-Warrant Subclass Members and $150.00 for Warrant Subclass Members. These amounts exceed benchmarks established in leading cases. (*Id.* at 20.)

Finally, the relevant *Hanlon* factors strongly support approval. While Plaintiffs believe in the merits of their claims, litigation is inherently uncertain—even where liability appears strong. *See Hays v. Eaton Grp. Att'ys, LLC*, No. CV 17-88-JWD-RLB, 2019 WL 427331, at 10 (M.D. La. Feb. 4, 2019). Class Counsel here "are experienced, realistic, and understand that the resolution of liability, issues, the outcome of the trial, and the likely appeals process, are inherently uncertain in terms of outcome and duration. The proposed settlement alleviates these uncertainties." *Id.*

### c. Class Notice Complied with Rule 23 and This Court's orders

Under Federal Rule of Civil Procedure 23(e), this Court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Rule 23(c)(2) prescribes that reasonable notice is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definitions of the class certified; (iii) the

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 8
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

This Court approved the proposed notice plan in its Preliminary Approval Order (ECF 41 ¶¶ 8-12), and the Settlement Administrator, under the supervision of Class Counsel, has executed the plan in accordance with the provisions therein. The Affidavit of Snehal Indra, an analyst at American Legal Claim Services, LLC, the Settlement Administrator, filed concurrently herewith details (i) the method of providing notice to Class Members in accordance with the Settlement Agreement and this Court's Preliminary Approval Order; (ii) the creation and maintenance of the settlement website; and (iii) the receipt and processing of claim forms, all in adherence to the Court's Order. (*See* Ex. 2.)

In short, following the receipt of the class list from the County, the Settlement Administrator used the National Change of Address System and a national address location service to find updated addresses for Class Members and increase mail deliverability. (*Id.* ¶ 3.) On September 5, 2025, the Settlement Administrator sent Notices to 877 Class Members. (*Id.* ¶ 4.) The Settlement Administrator used the location services and manual methods to update addresses and remail returned or undelivered letters. (*Id.* ¶ 5.)

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 9
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

The mailed Notice complies with Rule 23(c)(2)(i)-(iv). It describes the nature and status of the litigation; sets forth the relevant class definition; states the class claims and issues; states that a Class Member may enter an appearance through an attorney if the Class Member so desires; discloses the right of Class Members to seek exclusion from the Settlement Class or to object to the proposed settlement, as well as the deadlines for doing so; and warns of the binding effect of the settlement approval proceedings on people who remain in the Settlement Class. (ECF 39-3.)  In addition, the Notice describes the terms of the proposed Settlement and provides contact information for Class Counsel, as well as identifying the fee that they propose to request from this Court. (*Id.*) The Notice also discloses the time and place of the Fairness Hearing and the procedures for commenting on the Settlement and/or appearing at the hearing. (*Id.*) Finally, the Notice provides a link to a Spanish translation of the Notice and instructions written in Spanish. (Ex. 2 ¶ 7.)

The Settlement Administrator also established a settlement website (kingcountysettlement.com) that provides general settlement information and contains downloadable versions of court documents and the Claim Form, key case deadlines, contact information for Class Counsel, and translated versions of the Notices. (*Id.*) Class Members are also able to file claims on the website. (*Id.*) Additionally, the Settlement Administrator established a toll-free telephone line for Class Members to call with questions about the settlement or to update their address. (*Id.* ¶ 8.)

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 10
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

1    Following mail outreach, the Class Counsel will conduct a comprehensive "deep

2    search" to locate hard-to-reach Class Members. This process will involve identifying

3    accurate contact information, including phone numbers, and conducting telephonic

4    outreach to ensure maximum participation in the Settlement.

5        The notice plan previously approved by this Court, and implemented by the

6    Settlement Administrator, satisfies the requirements of Rule 23.

7    **d.  The Requested Attorneys' Fees and Expenses are Reasonable**

8        The proposed Class Counsel fees are modest. *Cf. In re Bluetooth Headsets*

9    *Prods. Liability Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). (instructing courts to

10   scrutinize settlements where "counsel receive a disproportionate distribution of the

11   settlement, or when the class receives no monetary distribution but class counsel are

12   amply rewarded") (citations omitted). The agreed-upon fee amount, $440,000.00 (if

13   the Court approves the distribution of money allocated for settlement administration

14   and Named Plaintiffs' service awards) is 27.5 percent of the settlement sum

15   ($1,600,000.00). The fee amount is reasonable under both the percentage-of-the-fund

16   and lodestar fee methods. Such a fee award is within the typical range of fees awarded

17   to class counsel. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)

18   (noting that "in common fund cases, the benchmark award is 25 percent of the

19   recovery obtained, with 20–30% as the usual range" and recognizing that "the

20   percentage of an award generally decreases as the amount of the fund increases"

21   (citation and internal marks omitted)); *see also In re Activision Sec. Litig.*, 723 F.

22   Supp. 1373, 1378 (N.D. Cal. 1989) (surveying cases and concluding that "in class

23   action common fund cases the better practice is to set a percentage fee and that,

24

25   Memorandum in Support of Motion for                         A. Dami Animashaun
     Final Approval of Class Action Settlement - 11            355 S. Grand Ave, Ste 2450
26   (2:24-cv-00002-RAJ)                                         Los Angeles, CA 90071
                                                                 929-266-3971

absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%").

As of the filing of Plaintiffs' Preliminary Approval Motion, Class Counsel had devoted more than 700 hours to this case, resulting in a lodestar of nearly $340,000.00 and incurring over $8,000.00 in expenses. (ECF 39-4 ¶ 18.) Counsel continued to invest significant time during the notice phase, including responding to inquiries from Settlement Class Members, coordinating with the Settlement Administrator, and preparing this submission. Additional time will be required to attend the final approval hearing, and substantial effort will be devoted to overseeing the nearly year-long settlement administration process. By the conclusion of this matter, Class Counsel's total lodestar is expected to closely approximate the requested fee award.

But, in any event, the requested fee would represent, at most, a modest multiplier of 1.3, which is well within the range of multipliers commonly approved in this Circuit and on the lower end of those deemed reasonable. *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 265 (N.D. Cal. 2015) ("In light of the results of this action, the contingent nature of class counsel's fee arrangement, and the skill required in conducting this litigation properly and succeeding at settlement, the Court believes that the 1.49 multiplier—at the low end of the Ninth Circuit's scale—is appropriate." (citing *Vizcaino*, 290 F.3d at 1051)).

### e. Settlement Administration Costs are Reasonable

The Settlement Administrator estimates that administering the Settlement through final disbursement will cost approximately $33,000.00. This estimate covers essential tasks, including mailing the Class Notice and Claim Form to all Settlement

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 12
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

Class Members, maintaining the settlement website, collecting and processing claim forms, calculating and distributing individual payments, tax reporting, preparing required reports and declarations, and performing all other duties required by the Settlement Agreement, the parties' agreement, or this Court's orders.

In addition, Class Counsel has allocated $17,000.00 for a comprehensive "deep search" to locate hard-to-reach Class Members. This process will involve identifying accurate contact information, including phone numbers, and conducting telephonic outreach to ensure maximum participation in the Settlement.

### f.  The Service Awards are Reasonable.

The requested service award of $5,000.00 for each Named Plaintiff—$10,000.00 in total, representing less than one-third of one percent of the $1,600,000.00 Common Fund—is reasonable. *See, e.g.*, *In re On-Line DVD Rental Antitrust Litig.*, 779 F.3d 934, 947–48 (9th Cir. 2015) (approving service awards totaling less than 1% of the settlement value). Courts routinely find that "$5,000 is a presumptively reasonable service award." *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1024 (E.D. Cal. 2019) (citations omitted). That presumption is warranted here.

Plaintiffs undertook this litigation despite significant reputational risks, including potential harm to future employment opportunities from public disclosure of their arrests. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (holding that a primary purpose of incentive awards is to "make up for financial or reputational risk undertaken in bringing the action"); *also see Bellinghausen v. Tractor Supply Co.*, 306 F.R.D 245, 267 (N.D. Cal. 2015) ("Incentive awards are

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 13
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

particularly appropriate in … actions where plaintiffs undertake a significant reputational risk" (citation and internal marks omitted)). In addition, Plaintiffs devoted substantial time and effort: they provided detailed accounts of their experiences and injuries, remained actively engaged throughout the proceedings, and played a meaningful role in settlement negotiations and decision-making. These contributions justify the requested award.

## IV.    CONCLUSION

After nearly two years of litigation—including completion of written discovery, review of voluminous data, and an extensive negotiation and settlement process—the Parties have reached a comprehensive agreement that is fair, reasonable, and adequate. The Settlement warrants this Court's approval.

The strength of the Settlement is further confirmed by Class Members' response: no Class Member objected or opted out, and more than 100 claims have already been submitted. This strong participation rate underscores the Settlement's fairness and the adequacy of the notice process.

Accordingly, the Parties respectfully request that this Court grant final approval of the Settlement.

Date: November 20, 2025

Respectfully Submitted,

/s/ A. Dami Animashaun
Akeeb Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
E-Mail: dami@animashaun.me

Michael Zhang, WSBA #60933
Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
E-Mail: michael@qiu-qiulaw.com

Ezra Ritchin
367 St. Marks Ave, #1132

Sadé A. Smith, WSBA #44867
Smith Law LLC

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 14
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971

Brooklyn, NY 11226
E-Mail: ezraritchin@gmail.com

3250 Airport Way S, Ste 415
Seattle, WA 98134
E-Mail: sade@thesmithlaw.com

Shakeer Rahman
Law Office of Shakeer Rahman
838 E. 6th Street
Los Angeles, CA 90021
E-Mail: shakeer@loosr.net

*Attorneys for Plaintiffs*

### CERTIFICATION

I certify that this Memorandum contains 3,507 words, in compliance with the Local Civil Rules.

*/s/ A. Dami Animashaun*

Memorandum in Support of Motion for
Final Approval of Class Action Settlement - 15
(2:24-cv-00002-RAJ)

A. Dami Animashaun
355 S. Grand Ave, Ste 2450
Los Angeles, CA 90071
929-266-3971