HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MALIK TUCKER and
REGINALD WILLIAMS,

          Plaintiffs,

   v.

KING COUNTY,
WASHINGTON,

        Defendant.

Case No. 2:24-cv-00002-RAJ

**ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT**

     The Court, having considered Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement (Dkt. # 42, the "Final Approval Motion"), the exhibits thereto, and the record in this case, finds good cause to enter the following Order.

**IT IS ORDERED AS FOLLOWS:**

**<u>Final Approval of Settlement</u>**

     1.    This Order incorporates by reference the Settlement Agreement, Dkt. # 39-1, and all definitions therein.

     2.    The Court grants final approval of the Settlement as fair, reasonable, and adequate, under Federal Rule of Civil Procedure 23(e)(2) and due process requirements.

ORDER – 1

3. The Court finds that Named Plaintiffs Malik Tucker and Reginald Williams have adequately represented the Settlement Class; the Settlement was negotiated at arm's length; the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Class Member claims, (iii) the terms of the proposed award of attorneys' fees and reimbursement of costs and other expenses, as well as the Service Award to the Named Plaintiffs, and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3); and the Settlement treats Class Members equitably relative to one another.

4. Pursuant to the Court's Preliminary Approval Order, Dkt. # 41, for purposes of this Settlement only, the Settlement Class is defined as follows:

    a. No Warrants Subclass: all persons who (i) were detained by Defendant King County for more than 48 hours without a determination of probable cause or a warrant for their arrest at any time between January 2, 2021 and April 23, 2025, and (ii) *were not detained* pursuant to a warrant in an unrelated matter during the pendency of their detention.

    b. Warrants Subclass: all persons who (i) were detained by Defendant King County for more than 48 hours without a determination of probable cause or a warrant for their arrest at any time between January 2, 2021 and April 23, 2025, and (ii) *were also detained* pursuant to a warrant in an unrelated matter during the pendency of their detention.

**Notice**

5. The Court finds that the Class Notice and notice process (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best practicable notice; (iii) constituted notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action,

ORDER – 2

their right to object to and/or opt-out of the proposed settlement and to appear at the Final Approval Hearing, and their right to obtain monetary and other relief; (iv) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (v) met all applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process.

**Settlement Administration**

6.    Pursuant to the Preliminary Approval Order, American Legal Claim Services, LLC is the Settlement Administrator. Dkt. # 41 ¶ 12.    The Settlement Administrator shall distribute and account for payments from the Settlement Fund as set forth in the Settlement Agreement.    All costs associated with the Class Notice and administering the Settlement and the Settlement Fund, including all costs and fees incurred by the Settlement Administrator, Class Counsel, and any third party engaged to assist with the settlement administration, will not exceed $50,000.00.

7.    The Settlement Administrator shall file a final report of claims and settlement payments within 60 calendar days after the conclusion of all distributions from the Settlement Fund.

**Service Award**

8.    The Court approves Class Counsel's petition for a Service Award to the Named Plaintiffs in the amount of $5,000.00 each per Named Plaintiff.

**Attorneys' Fees and Expenses**

9.    The Court approves Class Counsel's petition for attorneys' fees and expenses of $440,000.00, plus the difference between the amount Class Counsel requested as a Service Award and that which the Court ordered.

**Requests to Opt-Out**

10.    Any persons who submitted timely and proper requests to opt-out of the Settlement are excluded from the Settlement Class and are not bound by the terms of the Settlement Agreement or this Judgment.

ORDER – 3

**Judgment and Retention of Jurisdiction**

11.    The Final Judgment is hereby entered in this Action. The Court retains continuing and exclusive jurisdiction over: (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (ii) the distribution or allocation of the Settlement Fund; (iii) any request regarding residual funds; and (iv) the Class Members for matters relating to this Action.

12.    The terms of the Settlement Agreement and of this Final Approval Order and Judgment shall be binding on, and have res judicata and preclusive effect on, the Defendant, Named Plaintiffs, and all Class Members (regardless of whether they received a distribution from the Settlement Fund), as well as their respective agents, employees, independent contractors, representatives, spouses, children, heirs, administrators, executors, trustors, trustees, beneficiaries, predecessors-in-interest, successors-in-interest, assigns, and attorneys.

13.    The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.  Named Plaintiffs and the Settlement Class Members have conclusively compromised, settled, discharged, dismissed, and released all released claims against the Defendant and the other Released Parties freely and voluntarily and upon the advice of Class Counsel.

**Appeal**

14.    Only Class Members who submitted timely and proper objections may appeal this Final Approval Order and Judgment.  Any Class Member who wishes to appeal the Final Approval Order and Judgment must post a bond with the Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

**Injunction**

15.    All Class Members are forever enjoined and barred from (i) filing, commencing, prosecuting, intervening, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any

ORDER – 4

jurisdiction relating to or arising out of the factual or legal allegations alleged in the Action, which were asserted or that could have been claimed, raised or asserted in the Action; and (ii) organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) relating to or arising out of the factual or legal allegations alleged in the Action, which were asserted or that could have been claimed, raised or asserted in the Action.  All Class Members are hereby deemed to have forever released any and all matters, claims, and causes of action as provided for in the Settlement Agreement.

**Other Provisions**

16.    The parties shall, pursuant to the terms and conditions of the Settlement Agreement, take all necessary and appropriate steps to execute the terms and conditions of the Settlement Agreement and this Final Approval Order and Judgment.


DATED this 5th day of December, 2025.



The Honorable Richard A. Jones
United States District Judge

ORDER – 5